UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

CHADRICK WHITE,

    Plaintiff,

v.                                             Case No. 18-cv-1515

PFISTER BULK TRANSPORT, LLC

    Defendant.

# COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiff Chadrick White brings this action against his former employer, Pfister Bulk Transport, for violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, arising out of his employment at Pfister Bulk Transport, LLC. During his employment at Pfister Bulk Transport, Plaintiff White was not compensated at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty hours in a given workweek in violation of the FLSA.

2. Plaintiff White brings this action pursuant to the FLSA for purposes of obtaining relief for unpaid overtime compensation, unpaid wages, back pay, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

3. Defendant Pfister Bulk Transport's willful, dilatory, and unjust failure to compensate Plaintiff White at one and one-half times his regular rate for hours worked in excess of forty in a given workweek violates the FLSA.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events giving rise to the claims occurred within the District and Defendant Pfister Bulk Transport has substantial and systematic contacts in this District.

## PARTIES

6. Defendant Pfister Bulk Transport, LLC ("Pfister") is a Wisconsin Limited Liability Company with a principal place of business located in New Holstein, Wisconsin. Pfister Bulk Transport's registered agent for service of process in the State of Wisconsin is Michael D. Pfister located in New Holstein, Wisconsin.

7. Plaintiff Chadrick White is an adult resident of Fond du Lac County in the State of Wisconsin. Plaintiff White formerly worked as a Wash Bay Attendant for Defendant at times since September 26, 2015.

## GENERAL ALLEGATIONS

8. At all times since September 26, 2018, Pfister has operated as a bulk transport company specializing in domestic and international deliveries of dry bulk commodities.

9. From approximately February 2018 through April 2018, Pfister employed Plaintiff White as a Wash Bay Attendant at its facility in New Holstein, Wisconsin.

10. Plaintiff White's duties as a Wash Bay Attendant at Pfister included washing Pfister's trucks and trailers located on their property in New Holstein, Wisconsin.

11. During the course of Plaintiff's employment for Pfister, Pfister agreed to pay Plaintiff White at a rate of $15.00 per hour for his hours worked.

12. During the course of Plaintiff's employment for Pfister, Pfister suffered or permitted Plaintiff White to work in excess of forty hours in given workweeks without compensating him at time and one-half his regular rate of pay for hours worked in excess of forty in such workweeks.

13. As an illustrative example, in the two-week period between April 8, 2018 and April 21, 2018, Pfister suffered or permitted Plaintiff White to work 86.01 hours – a minimum of 6.01 hours of overtime in that pay period – yet only paid Plaintiff White at his regular rate of $15.00 per hour for all such hours worked.

3

14. As a result of Pfister's actions as alleged herein, Pfister failed to compensate Plaintiff White all overtime wages earned for hours worked in excess of forty in a given workweek in violation of the FLSA.

15. Pfister's actions as alleged herein were willful, dilatory, and unjust and have deprived Plaintiff White of all compensation owed to him pursuant to the FLSA.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act – Unpaid Overtime**

16. Plaintiff White reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

17. At all times during his employment at Pfister, Plaintiff White was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.* as an employee of Pfister.

18. At all times during Plaintiff's employment at Pfister, Pfister was an employer of Plaintiff White within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

19. At all relevant times, Pfister Bulk Transport was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

20. At all times during his employment for Pfister, Plaintiff White was engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

21. Plaintiff White is a victim of Pfister's compensation policies and practices in violation of the FLSA, by Pfister's failure to compensate Plaintiff White for all work performed, including payment of overtime premium compensation at

one and one-half times his regular rate for each hour worked in excess of forty hours in any given workweek during his employment at Pfister.

22. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

23. Pfister was and is subject to the overtime pay requirements of the FLSA because Pfister Bulk Transport was an enterprise engaged in commerce and/or Plaintiff White was engaged in commerce during the course of his employment for Pfister, as defined by the FLSA, 29 U.S.C. § 203(b).

24. Pfister's failure to properly compensate Plaintiff White was willfully perpetrated. Pfister has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff White is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above, pursuant to 29 U.S.C. § 216(b).

25. Alternatively, should the Court find that Pfister did not act willfully in failing to pay overtime premium wages, Plaintiff White is entitled to an award of pre-judgment interest at the applicable legal rate.

26. As a result of the aforementioned willful violations of the FLSA, overtime compensation has been unlawfully withheld by Pfister from Plaintiff White for which Pfister is liable pursuant to 29 U.S.C. § 216(b).

27. Pursuant to 29 U.S.C. § 216(b), Plaintiff White is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid wages and overtime wages.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff White respectfully prays that this Court grant the following relief:

a) An Order finding that Pfister violated the FLSA;

b) An Order finding that Pfister's violations of the FLSA were willful;

c) Judgment against Pfister in the amount equal to the Plaintiff's overtime rates for all time spent performing work for which Plaintiff was not paid pursuant to the rate mandated by the FLSA;

d) An award in the amount of all liquidated damages available to Plaintiff White as provided under the FLSA;

e) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

f) Such other relief as the Court deems just and equitable.

Dated this 26th day of September, 2018.

Respectfully submitted,

*s/Timothy P. Maynard*
Timothy P. Maynard
SBN 1080953
Larry A. Johnson
SBN 1056619
Summer H. Murshid
SBN 1075404

6

**Hawks Quindel, S.C.**
222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: (414) 271-8650
Fax: (414) 271-8442
Email(s):   tmaynard@hq-law.com
            ljohnson@hq-law.com
            smurshid@hq-law.com